**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:17-cr-00067-MR-WCM**
**CRIMINAL CASE NO. 1:17-cr-00081-MR-WCM**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **JOSEAN CYRISTMAS KINARD,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS MATTER is before the Court on the Defendant's letter, which the Court construes as a motion for reconsideration of the Order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Criminal Case No. 1:17-cr-00067-MR-WCM, Doc. 43; Criminal Case No. 1:17-cr-00081-MR-WCM, Doc. 39].

I.      BACKGROUND

In February 2018, the Defendant Josean Cyristmas Kinard was convicted of one count of possession of a firearm by a convicted felon in Criminal Case No. 1:17-cr-00067-MR-WCM and two counts of possession with intent to distribute controlled substances (namely, cocaine and cocaine base) in Criminal Case No. 1:17-cr-00081-MR-WCM. He was sentenced to

a total of 70 months' imprisonment. [Criminal Case No. 1:17-cr-00067-MR-WCM, Doc. 35; Criminal Case No. 1:17-cr-00081-MR-WCM, Doc. 31]. The Defendant is currently incarcerated at FCI Butner Low, and his projected release date is May 9, 2022.[1]

On July 30, 2020, the Defendant filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing COVID-19 pandemic and the allegedly inadequate measures taken by FCI Butner Low to control the spread of the virus. On August 10, 2020, the Court denied that motion without prejudice on the grounds that the Defendant had failed to show that he had fully exhausted his administrative rights or that more than 30 days had passed since the receipt of such a request by the warden of his facility. The Defendant now seeks reconsideration of that denial. For grounds, he submits a letter from the warden of his facility denying his request for his compassionate release. The letter indicates that the Defendant made his request on May 11, 2020. [Doc. 43-1].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept.11, 2020).

to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The Defendant asserts in his motion for reconsideration that more than 30 days have passed since he has made his request to the warden of his facility.  Assuming *arguendo* that the Defendant has complied with the requirements of § 3582(c)(1)(A), the Court will proceed to address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2]  See U.S.S.G. § 1B1.13.  As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13.

Here, the Defendant asserts that the ongoing coronavirus pandemic constitutes an extraordinary and compelling reason for his immediate release.[3]  The mere fact that the Defendant faces a potential risk of contracting COVID-19, however, is not sufficient to justify his release.  As the

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

[3] The Defendant does not identify any underlying health conditions that place him at a heightened risk of complications from contracting COVID-19.

4

Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[4]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A)(i).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion reconsideration of the Order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Criminal Case No. 1:17-cr-00067-MR-WCM, Doc. 43; Criminal Case No. 1:17-cr-00081-MR-WCM, Doc. 39], is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

---

[4] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

6